# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GMAC,<br><br>                               Plaintiff,<br>vs.<br><br>ELITE SPORTS GROUP, a corporation; ELITE SPORTS MARKETING, INC., a corporation; JOSEPH WERWAGE, an individual; LAURA BROWN-WERWAGE, an individual; and GREGORY J. LEONARD, an individual,<br><br>                              Defendants. | CASE NO. 06cv1415-LAB (JMA)<br><br>**ORDER SETTING ASIDE ENTRY OF DEFAULT AND DENYING MOTION FOR ENTRY OF DEFAULT JUDGMENT** |

       On July 13, 2006, Plaintiff filed its complaint, bringing claims in diversity for breach of contract. Defendant Joseph Werwage, an individual proceeding pro se failed to timely answer in this case. Mr. Werwage is one of several Defendants, and the case is proceeding against the others. Plaintiff filed a proof of service showing that Mr. Werwage was served on August 14, 2006. In response to Plaintiff's request on September 5, 2006, the clerk entered default on September 8, and Plaintiff moved on September 14 for entry of default judgment.

       On September 29, Mr. Werwage attempted to file an answer, which was rejected by discrepancy order pending resolution of the default issue. On the same day Mr. Werwage's answer was rejected, he filed a motion to set aside the default. Plaintiff did not reply to this motion.

///

In his motion to set aside default, Mr. Werwage briefly gives his reasons for not responding. In essence, he says that because he was appearing *pro se*, he failed to respond because of his ignorance of the Federal Rules of Civil Procedure, but he is now prepared to file an answer.

## I. Discussion

### A. Legal Standards

Setting aside an entry of default is governed by Fed. R. Civ. P. 55(c), which provides that a default may be set aside for "good cause." "Good cause" to set aside an entry of default under Rule 55(c) is a lighter burden than that required under Rule 60(b) when a party seeks to set aside a default judgment already entered. *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981) ("[T]he standard for setting aside the entry of a default pursuant to Rule 55(c) is less rigorous than the 'excusable neglect' standard for setting aside a default judgment by motion pursuant to Rule 60(b).")

A "good cause" determination requires the application of a three-factor test: "[A] district court may deny a motion to vacate a default judgment if: (1) the plaintiff would be prejudiced if the judgment is set aside, (2) defendant has no meritorious defense, or (3) the defendant's culpable conduct led to the default." *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000) (quotations and citation omitted). Because this tripartite test is disjunctive, the Court is free to deny Mr. Werwage's motion if any of the three factors is true. *Id.*

### B. Analysis

#### 1. Prejudice

As a preliminary matter, it appears that Plaintiffs will not be seriously prejudiced, because the case is already proceeding against other Defendants and because Mr. Werwage made his attempt to answer less than a month after it was due, at which time he also moved to set aside the entry of default. *See Speiser, Krause & Madole P.C. v. Ortiz*, 271 F.3d 884, 890 (9th Cir. 2001) (in the context of a Rule 60 motion, arguing that the danger of prejudice was "minimal" where a defendant filed his motion to set aside entry of default less than one month after default had been entered, and approximately three months after the filing deadline for his answer) (Ferguson, J., dissenting); *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1225 (9th Cir. 2000) (holding that delay of one month in filing Rule 60 motion was not long enough to justify denying relief).

### 2. Available Defenses

Plaintiff's theory of Mr. Werwage's liability rests on the theory that he was the alter ego of Elite Sports Group, and that he and Elite Sports Group were each other's agents. Mr. Werwage has not represented what his defenses would be. However, under California law, which governs this issue, "[t]he alter ego doctrine is strictly limited by the demands of equity; it applies only in narrowly defined circumstances and only when the ends of justice so require." *Doney v. TRW, Inc.*, 33 Cal.App.4th 245, 249 (Cal.App. 6 Dist. 1995) (quotations and citations omitted). The Court's inability to find that Mr. Werwage's defenses are unmeritorious weighs in favor of setting aside the entry of default, and whether defenses are meritorious has a "low threshold of adequacy." *Meehan*, 652 F.2d at 277.

### 3. Culpable Conduct

"A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir.2001) (quotations, citations, and alteration omitted). There is no indication that Mr. Werwage intentionally failed to answer; the fact that he attempted to answer within a short time after entry of default suggests to the Court that his failure to answer initially was unintentional.

### 4. Other Considerations

Decisions of default issues rely heavily on policy considerations. In general resolution of cases on the merits is preferred. *Klapprott v. United States*, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949). "As a general rule a district court should grant a default judgment sparingly and grant leave to set aside the entry of default freely when the defaulting party is appearing *pro se*." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) (quotations, citations, and alterations omitted). "Because defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party. In other words, 'good cause' and the criteria of the Rule 60(b) set aside should be construed generously." *Id.* (quotations, citations, and alterations omitted).

Finally, Mr. Werwage represents that he has obtained a copy of the Federal Rules of Civil Procedure and copies of sample forms, and is prepared to make future filings in a timely fashion.

## II. Conclusion and Order

For these reasons, the Court concludes that the clerk's entry of default should be set aside. The Court **GRANTS** Mr. Werwage's motion, and **GRANTS** him leave to file his answer within ten days of the file stamp date on this order. Plaintiff's motion for entry of default judgment is **DENIED**.

**IT IS SO ORDERED.**

DATED: 11-14-06

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

cc: Magistrate Judge Jan M. Adler
All Counsel of Record