# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GMAC,<br><br>                              Plaintiff,<br>  vs.<br>ELITE SPORTS GROUP, a corporation; ELITE SPORTS MARKETING, INC., a corporation; JOSEPH WERWAGE, an individual; LAURA BROWN-WERWAGE, an individual; and GREGORY J. LEONARD, an individual,<br><br>                              Defendants. | CASE NO. 06cv1415-LAB (JMA)<br><br>**ORDER ON APPLICATION FOR DEFAULT JUDGMENT** |

On July 13, 2006, Plaintiff filed its complaint, bringing claims in diversity for damages in connection with alleged breaches of contract. Defendant Elite Sports Group, Inc. ("ESG")[1] failed to timely answer in this case. Plaintiff filed a proof of service showing that ESG was served on August 14, 2006. In response to Plaintiff's request on September 5, 2006, the clerk entered default against Defendants Joseph Werwage and ESG on September 8,[2] and Plaintiff moved on September 14 for entry of default judgment as to both. Defendant Joseph Werwage moved to set aside the default "for himself and himself alone." (Notice of Motion

---

[1] Elite Sports Group, Inc. and the similarly-named Elite Sports Marketing, Inc. were both named as Defendants.

[2] The proof of service shows that ESG was served through its agent, Joseph Werwage.

and Motion for Order Setting Aside Default Judgment ("Motion to Set Aside Default"), filed September 27, 2006.)

Defendant ESG did not oppose the motion for entry of default judgment. Defendants other than ESG have not attempted to answer or appear on ESG's behalf. *See* Answer of Defendants Elite Sports Marketing, Inc. ("ESM") and Gregory J. Leonard ("Leonard"), at 1 (stating that Defendants ESM and Leonard "hereby sever themselves from all other Defendants"); Answer by Laura Brown,[3] filed September 7, 2006; Motion to Set Aside Default Judgment, at 1 (stating that it was filed by Joseph Werwage "for himself and himself alone"). Defendant ESG has never filed an answer or otherwise appeared in this action.

On November 15, 2006, the Court granted Mr. Werwage's motion to set aside default, and denied Plaintiff's motion for default judgment as to him. The Court did not rule on Plaintiff's motion requesting entry of default judgment against Defendant ESG.

The Ninth Circuit has enumerated the following factors the court may consider in exercising discretion as to the entry of default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *PepsiCo v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D.Cal. 1999).

Plaintiff alleges that it entered into contracts with all Defendants, including ESG, but that Defendants breached those contracts and did not perform the services they were paid for. Plaintiff alleges that Defendants knew at the time they entered into the contracts that they could not perform. Plaintiff alleges that ESG was the alter ego of Defendants Joseph Werwage and Laura Brown, and that ESM was the alter ego of ESG.

---

[3] In her answer, this Defendant says that her correct name is Laura Brown, rather than Laura Brown-Werwage as stated in the complaint.

Plaintiff seeks $139,960 plus interest, punitive damages, and costs.  The Court has reviewed the complaint and finds it sufficiently states a cause of action against Defendant ESG.[4]  It is unclear whether ESG has funds or other assets out of which to satisfy the judgment.  The possibility that ESG has such funds or other assets, however, and the fact that ESG is a corporation create the possibility that the corporate form of ESG could be used to shelter assets, leaving Plaintiff without recourse if default judgment is not entered.  Therefore, *Eitel* factors 1–3 appear to be satisfied.

The Court must consider the sum of money at stake in relation to the seriousness of Defendant ESG's conduct.  *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp.2d 1172, 1176 (C.D.Cal. 2002).  Because the amount sought appears to be commensurate with the money the Defendants allegedly received from Plaintiff, the fourth *Eitel* factor is satisfied.

Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to the amount of damages.  *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).  As noted, all material facts appear to be adequately pleaded in the complaint.  Accordingly, no genuine dispute of material facts in this case would appear to preclude granting default judgment.  *Cal. Sec. Cans*, 238 F. Supp.2d at 1177.  This satisfies the fifth *Eitel* factor.

Because Defendant ESG has never appeared, there is no indication the default was due to excusable neglect.  For the same reason, a decision on the merits appears to be impossible.  *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp.2d 1172, 1177 (C.D.Cal. 2002).  Thus, all *Eitel* factors are satisfied.

In its application for entry of default judgment, Plaintiff has requested an award of damages arising from services allegedly paid for but not rendered.  (Decl. of Julian Bellinghi in Support of Application for Default Judgment ("Bellinghi Decl."), at 3.)  Upon entry of default, the well-pleaded allegations of the complaint are taken as true, except for the allegations as to the amount of damages.  *TeleVideo Sys.*, 826 F.2d at 917–18.  Thus, the

/ / /

---

[4] The Court makes this finding without prejudice to the other Defendants.

1  party seeking entry of a default judgment must provide proof of all damages sought in the
2  complaint.  *Cal. Sec. Cans*, 238 F. Supp.2d at 1175.

3  Although Plaintiff has named the sum of $139,960 as the amount it is contractually
4  owed, Plaintiff also requests interest, costs, and punitive damages, bringing the total it to
5  $184,560.68. (Bellinghi Decl., at 3.) Plaintiff is **ORDERED** to serve and file proof of damages
6  on or before Friday, December 15, 2006.  Defendant ESG may, if it wishes, serve and file
7  a reply in opposition on or before Friday, December 29, 2006.  Following filing of the
8  foregoing, this matter will be under submission.

9  ***If Defendant ESG fails to file a reply, the Court may award all damages sought***
10 ***by Plaintiff without further notice to Defendant ESG.***

11 **IT IS SO ORDERED**.

12 DATED: November 22, 2006

13

14 *[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge