UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GMAC,<br><br>                         Plaintiff,<br>vs.<br><br>ELITE SPORTS GROUP, a corporation; ELITE SPORTS MARKETING, INC., a corporation; JOSEPH WERWAGE, an individual; LAURA BROWN-WERWAGE, an individual; and GREGORY J. LEONARD, an individual,<br><br>                        Defendants. | CASE NO. 06cv1415-LAB (JMA)<br><br>**ORDER DENYING MOTION FOR DEFAULT JUDGMENT, AND SETTING ASIDE CLERK'S ENTRY OF DEFAULT**<br><br>[Dkt. Nos. 31 and 37] |

On January 8, 2007, the Clerk entered default against Defendant Joseph Werwage, pursuant to Fed. R. Civ. P. 55(b)(1). On February 1, 2007, Plaintiff moved for a default judgment against Mr. Werwage. On February 9, 2007, Mr. Werwage, who is proceeding *pro se*, filed a motion to set aside the clerk's entry of default (styled "Motion to Set Aside Default Judgment"), to which Plaintiff filed its opposition on February 20, 2007. Defendant Werwage filed no opposition or reply.

**I.    Procedural History and Discussion**

Defendant Werwage has previously defaulted and moved to set aside the entry of default. His previous default was entered on September 8, 2006. On September 14, 2006, Plaintiff moved for default judgment against him. On October 3, 2006, he filed a motion to set aside his previous default, pleading ignorance of the rules of procedure. (Decl. of Joseph Werwage in Supp. of Mot. to Set Aside

1  Default, filed Oct. 3, 2006, at 1.)  He declared he had educated himself in the rules and obtained
2  software to allow him to create his own pleadings.  (*Id.* at 2.)  He attempted to file his answer, which
3  on October 4, 2006 was rejected by discrepancy order because of the entry of default, with the notation
4  "Rejected Pending Hearing on Order to Show Cause."  As the discrepancy order indicated, his answer
5  was returned to him and the Court did not retain a copy of it.

6        On November 15, 2006, the Court granted Defendant Werwage's motion to set aside the
7  default, and denied Plaintiff's motion.  The Court granted Defendant Werwage ten days from issuance
8  of the order in which to file his answer.  He did not do so, and Plaintiff again moved for entry of
9  default judgment.

10       In his the memorandum supporting his motion of February 9, 2007, Defendant Werwage makes
11 a number of misstatements.  He says when he submitted his answer previously, it "was attached to the
12 motion [of October 3, 2006] and to be filed only if and when Defendants [sic] motion was granted."
13 (Memo of P & A at 2:2–3.)  He goes on to charge the Clerk with error: "The court clerk mistakenly
14 filed the answer at the same time as the motion to set aside, instead of including the answer which
15 should have an attachment and for that reason it was rejected." (*Id.* at 4–5.)  He then avers he "<u>did</u> file
16 his answer accompanying his earlier motion to set aside." (*Id.* at 6–7.)  Defendant Werwage's
17 statement is correct in one respect: in his declaration accompanying his motion of October 3, 2006,
18 he included a request "to accept and file the Answer accompanying this motion and set the matter for
19 trial." (Werwage Decl., filed Oct. 3, 2006, at 2:3–4.)

20       Even if Defendant Werwage were correct in believing the Clerk's office mistakenly took his
21 answer as a separate filing, he has known of this fact for several months now.  Similarly it was made
22 clear to him that his submitted answer was rejected, not filed.  The discrepancy order issued October
23 3, 2006 makes plain his answer was not to be filed, the Court did not retain a copy, and the copy
24 Defendant Werwage attempted to file was being returned to him.  Even if Defendant Werwage were
25 correct in his belief that it was the Court's responsibility to file his rejected answer for him after, he
26 knew the Court could not have done so, since the Court did not have a copy of it.  Furthermore, the
27 Court's order of November 15, 2006 makes plain the Court would not be filing anything for Defendant
28 Werwage, and that it was his own responsibility to file his answer. (*See* Order of Nov. 15, 2006, at

4:3–4 (granting Defendant Werwage "leave to file his answer within ten days of the file stamp date on the order").) Moreover, Defendant Werwage's previously representations to the Court show he knew his answer had been rejected: he stated that although he had prepared an answer, "the Court could not accept it because it did not conform with the rules of pleading . . . ." (Motion filed Oct. 3, 2006, at 2:8–9.) The Court therefore finds the reason for Defendant Werwage's recent default is his own culpable neglect.

**II.     Legal Standards**

Setting aside an entry of default is governed by Fed. R. Civ. P. 55(c), which provides that a default may be set aside for "good cause." "Good cause" to set aside an entry of default under Rule 55(c) is a lighter burden than that required under Rule 60(b) when a party seeks to set aside a default judgment already entered. *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981) ("[T]he standard for setting aside the entry of a default pursuant to Rule 55(c) is less rigorous than the 'excusable neglect' standard for setting aside a default judgment by motion pursuant to Rule 60(b).") A "good cause" determination as requiring the application of a three-factor test: "[A] district court may deny a motion to vacate a default judgment if: (1) the plaintiff would be prejudiced if the judgment is set aside, (2) defendant has no meritorious defense, or (3) the defendant's culpable conduct led to the default." *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000) (quotations and citation omitted). Because this tripartite test is disjunctive, the district court is free to deny the motion if any of the three factors was true. *Id*.

As a general matter, motions to set aside default should be liberally granted and are left to the discretion of the court. *See Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id.*  Any doubt should be resolved in favor of setting aside the default in order to decide cases on their merits. *Schwab v. Bullock's, Inc.*, 508 F.2d 353, 355 (9th Cir. 1974).

The Court construes Defendant Werwage's pleadings liberally because he is proceeding *pro se*. *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir.2001). Although he is proceeding *pro se*, he is still required to follow the federal and local rules. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.")

### A. Prejudice to Plaintiff

Defendant Werwage did not participate in the Fed. R. Civ. P. 26(f) conference on November 17, 2006, in violation of Magistrate Judge Jan Adler's order of October 26, 2006, and in spite of being notified by Plaintiff's counsel. (P's Opp'n at 9:6–12). He did, however, participate in a telephonic case management conference before a Judge Arbitrator on February 9, 2007. The next case management conference is scheduled for May 9, 2007.

Plaintiff argues it has been prejudiced by delay. While this is true, it does not appear the prejudice would be great if the default were set aside. Plaintiff's theory of the case against Defendant Werwage is that he is liable under an alter ego or agency theory for the actions of Elite Sports Group, ("ESG"). (Complaint at 2, ¶¶ 10, 12.) Another Defendant, Laura Brown,[1] stands in a similar position to Defendant Werwage, as co-owner of ESG. To an extent, she has represented his interests in the litigation, making it somewhat less likely that his participation in the litigation will cause additional delays.

Furthermore, concurrently with this order, the Court is issuing an Order to Show Cause Re: Jurisdiction because it is unclear from the complaint whether this Court has jurisdiction. It is possible Plaintiff in response to this Order to Show Cause will seek leave to amend its complaint, which would mitigate the prejudice caused by Defendant Werwage's late answer. Depending on how any amendment affects proceedings, it may in fact be the case that Defendant Werwage's late answer causes no prejudice.

### B. Defendant Werwage's Defenses

Although Defendant Werwage attached his proposed answer to his motion to set aside default, the answer is generalized rather than specific. The specifics of Defendant Werwage's defenses are therefore unclear. As the party seeking to set aside the default, Defendant Werwage bears the burden of showing he can bring a meritorious defense. The burden is not heavy, however: "Likelihood of success is not the measure. Defendants' allegations are meritorious if they contain even a hint of a

/ / /

---

[1] The caption identifies her as Laura Brown-Werwage, but this Defendant says her correct name is simply "Laura Brown." (Answer of Laura Brown, at 2:4–6.)

1  suggestion which, proven at trial, would constitute a complete defense." *Johnson v. Barlow*, 2007 WL
2  214603, slip op. at *3 (E.D.Cal., 2007) (citations and internal quotation marks omitted).

3  While Defendant Werwage has not specifically addressed this point in his motion, and filed
4  no opposition to Plaintiff's motion, a defense is evident on the face of the Complaint. Here, the
5  Complaint asks the Court to hold Defendant Werwage and Laura Brown personally responsible for
6  the liabilities of ESG and Elite Sports Marketing, Inc. ("ESM"). The Complaint concedes the
7  corporate structure of the Elite Sports Group and Elite Sports Marketing, Inc. (Complaint at 2:1–3,
8  2:6–7.) Ordinarily, the corporate structure shields shareholders from liability for the corporation's
9  debts or obligations. Cal. Corp. Code § 7350(a). Furthermore, Plaintiff concedes "at this juncture,
10 W[erwage's] burden is slight." (Opp'n at 7:20–21.) Defendant Laura Brown raises it as a defense in
11 her answer. (*See* Answer of Laura Brown, at 5:5–6.) Defendant Werwage likewise can avail himself
12 of this same defense, which will completely shield him from liability unless Plaintiff can show the
13 corporate form should be disregarded.

14 This defense may have obliquely been raised in his proposed answer, which generally names
15 failure to state a claim as a defense. While Defendant Werwage should have pointed this out more
16 specifically, the Court will construe his motion liberally. The Court therefore finds the light burden
17 of showing a meritorious defense is met.

18 **C.  Defendant Werwage's Culpable Conduct**

19 As discussed in detail above, Defendant Werwage's own culpable conduct led to his default.
20 The Court finds no indication, however, that his conduct was willful, malicious, or anything other than
21 merely negligent. The standard for excusable neglect does not require a party to be faultless; a party's
22 excusable neglect may in fact be caused by the party's own carelessness. *Pioneer Inv. Services Co.*
23 *v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 388, 113 S.Ct. 1489 (1993) (observing that
24 a party's neglect "encompasses both simple, faultless omissions to act and, more commonly, omissions
25 caused by carelessness"). *But see id.* at 402 (citing Blacks's Law Dictionary's definition of "excusable
26 neglect," which <u>excludes</u> neglect committed "in consequence of the party's own carelessness [or]
27 inattention . . . .") (5-4 decision) (O'Connor, J., dissenting).
28 / / /

### III.   Conclusion and Order

While Defendant Werwage's neglect might not be excusable under the more rigorous Rule 60(b) standard for setting aside a default judgment, the Court finds good cause under the more lenient Rule 55(c) standard.  In view of the policy in favor of liberally granting motions to set aside defaults, *Falk*, 739 F.2d at 463, and deciding cases on the merits, *Schwab*, 508 F.2d at 355, the Court **GRANTS** Defendant Werwage's motion to set aside the default, and **GRANTS** Defendant Joseph Werwage leave to file and serve his answer **no later than the close of business ten calendar days from the file stamp date on this order**.  Should the last day for filing fall on a Saturday, Sunday, or Court holiday, the deadline will be extended until the close of business on the next day the Court is open for business.  Plaintiff's motion for default judgment is **DENIED** pending Defendant Werwage's filing of his answer and the parties' responses to the Order to Show Cause Re: Jurisdiction.  **Should Defendant Werwage fail to timely file his answer, the Court may, *sua sponte*, reconsider its denial of Plaintiff's motion for default judgment, and grant default judgment against Defendant Werwage without further notice to him.**

Defendant Werwage is strongly cautioned that he must not default again.  If for any reason he is unable to timely file and serve his answer, he is directed to comply with the procedures outlined in the Court's Standing Order, ¶ 10.  Any request for extension of time to file and serve must show extraordinary good cause.

In light of the misstatements of procedural facts in his pleadings, Defendant Werwage is also particularly directed to review Rule 11(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

DATED: March 21, 2007

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge