# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GMAC,<br><br>　　　　　　　Plaintiff,<br>　vs.<br>ELITE SPORTS GROUP, a corporation; ELITE SPORTS MARKETING, INC., a corporation; JOSEPH WERWAGE, an individual; LAURA BROWN-WERWAGE, an individual; and GREGORY J. LEONARD, an individual,<br><br>　　　　　　　Defendants. | CASE NO. 06cv1415-LAB (JMA)<br><br>**ORDER ON ORDER TO SHOW CAUSE** |

　　　　On March 22, 2007, the Court issued an Order to Show Cause, requiring Plaintiff to show why this action should not be dismissed for lack of jurisdiction. The alleged basis for jurisdiction was diversity. The complaint merely alleged Plaintiff was an "entity" organized under the laws of Delaware, with its principal place of business in Michigan, without explaining whether it was a corporation or some other kind of entity. By its response filed April 5, 2007, Plaintiff explained that, at the time of filing, it was a corporation. (Response at 2:6–11.)

　　　　In her Reply to Plaintiff's Response, Defendant Laura Brown contends Plaintiff has not specifically alleged its identity, and that on the basis of the Plaintiff's name and address as given in the contracts from which this action arises, Plaintiff may not in fact be a corporation with its principal offices in Michigan, but may be an affiliate of that corporation. (Reply at 2:19–25.). Plaintiff cites the contracts, which refer to the obligee as "GMAC - CSG" and give a business address in Plano,

1  Texas. (*Id.* at 2:9–12.) Defendant Brown requests the Court order Plaintiff to file an amended
2  complaint identifying its correct, full name, its state of incorporation, and the location of its principal
3  place of business. (*Id.* at 3:6–9.)
4       Plaintiff has represented to the Court that it was at the time the lawsuit was filed General
5  Motors Acceptance Corporation, a Delaware Corporation with its principal place of business in
6  Southfield, Michigan. (Decl. of Julian Bellinghi in Response to Order to Show Cause Re: Jurisdiction,
7  at 2:2–12.)
8       On April 13, 2007, Plaintiff also filed a supplemental declaration representing that the Plaintiff
9  is General Motors Acceptance Corporation and explaining that "GMAC - CSG" refers to a an
10 operation of GMAC. Defendant Brown thereafter filed a document objecting to Plaintiff's
11 supplemental declaration as containing inadmissible hearsay. The Court reminds both parties that the
12 Order to Show Cause permitted only one filing by each party, and set deadlines for the filings. Both
13 Plaintiff and Defendant Brown have exceeded the number of filings and the deadlines. The Court will
14 allow the filed documents to remain in the docket as supplements to Plaintiff's and Defendant Brown's
15 earlier filings. However, the Court does not require any additional filings, and the parties are directed
16 to file no more documents in response to the Order to Show Cause without leave from the Court.
17      As discussed above, the Court is satisfied that Plaintiff has met the requirements of pleading
18 jurisdiction. Of course, this does not estop any party from appropriately questioning the Court's
19 jurisdiction at a later stage in the proceedings. *Moe v. United States*, 326 F.3d 1065, 1070 (9th Cir.
20 2003) (holding that defendant was not estopped from questioning the court's jurisdiction, because
21 jurisdiction is at issue in all stages of a case) (citing Fed. R. Civ. P. 12(h)(3)). The Court will not
22 require Plaintiff to file an amended complaint, but will construe the complaint as alleging Plaintiff
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

was, at the time of filing, a Delaware corporation. Because Defendants are citizens of California and the amount in controversy requirement is alleged to be greater than $75,000, Plaintiff has alleged facts sufficient to support jurisdiction. The Order to Show Cause is discharged.

**IT IS SO ORDERED**.

DATED: April 16, 2007

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge